UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAMPAI SANGYIMPHAN,

    Plaintiff,

    v.

SHERRY TSAI, et al.,

    Defendants.

Case No. 17-cv-02152-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Defendants Sherry Tsai and Mark Draheim move to dismiss the complaint of plaintiff Oampai Sangyimphan, who advances a variety of claims pertaining to her employment for, and termination by, Tsai and Draheim. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument. Because Sangyimphan's claims are barred by the applicable statutes of limitations, defendants' motion is granted and Sangyimphan's complaint is dismissed.

## II. BACKGROUND

Sangyimphan claims to have worked for Tsai and Draheim as a nanny and housekeeper from February 2010 until her firing on January 21, 2013. According to Sangyimphan, she was an employee in good standing for over two and a half years, even receiving promotions and raises, but was ultimately fired on account of age, disability, race, and sex.

On April 18, 2017, she initiated this action. Although her complaint is somewhat unclear with respect to what claims it advances, it will be construed liberally because Sangyimphan is a

pro se litigant. Viewed through this lens, it appears to include claims for: wrongful termination, intentional infliction of emotional distress, and negligent infliction of emotional distress in violation of California common law; race and disability discrimination in violation of California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12900, *et seq.*; age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; sex discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1); disability discrimination in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111, *et seq.*; and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

On July 5, 2017, defendants filed this motion to dismiss, arguing Sangyimphan's lawsuit cannot proceed because her claims are barred by the applicable statutes of limitations and the doctrine of res judicata. Defendants support their res judicata argument by reference to various court documents and orders and indicating Sangyimphan has already unsuccessfully litigated employment-related claims against them in California state court, and is therefore barred from advancing this action. These documents are susceptible to judicial notice, *see* Fed. R. Evid. 201, and such notice will be taken.

### III. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but a complaint must provide sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Federal Rule of Civil Procedure 12(b)(6) provides a mechanism to test the legal sufficiency of the averments in a complaint. Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint in whole or in

part is subject to dismissal if it lacks a cognizable legal theory or the complaint does not include sufficient facts to support a plausible claim under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating a complaint, the court must accept all its material allegations as true and construe them in the light most favorable to the non-moving party. *Iqbal*, 556 U.S. at 678. When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (citation and internal quotation marks omitted).

## IV. DISCUSSION

Defendants persuasively argue all of Sangyimphan's claims are barred by the applicable statutes of limitations. Those limitations periods are: two years for a wrongful termination claim, *Prue v. Brady Co./San Diego, Inc.*, 242 Cal. App. 4th 1367, 1382 (2015); one year for race and disability discrimination claims brought under California's Fair Employment and Housing Act, *id.*; two years for negligent and intentional infliction of emotional distress claims, *Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1127 (S.D. Cal. 2012); 180 days for ADEA claims, *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007) (citing 29 U.S.C. § 633a(d));[1] three years for Equal Pay Act claims, *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 586 (9th Cir. 1993) (citing 29 U.S.C. § 255(a))[2]; and 180 days for claims under Title I of the ADA, *Alberti v. City & Cty. of San Francisco Sheriff's Dep't*, 32 F. Supp. 2d 1164, 1171 (N.D. Cal. 1998),[3] *disagreed with on*

---

[1] 29 U.S.C. § 633a(d) provides: "When [an aggrieved] individual has not filed a complaint concerning age discrimination with the [Equal Employment Opportunity] Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred." There is no indication Sangyimphan filed a timely (or, for that matter, untimely) complaint with the Commission.

[2] 29 U.S.C. § 255(a) provides a general two-year limitations period, but a three-year period for "a cause of action arising out of a willful violation." Sangyimphan's complaint will be construed as alleging a willful violation of the equal pay act.

[3] Specifically, "parties claiming a violation of Title I must file an administrative complaint with the Equal Employment Opportunity Commission . . . within one hundred eighty days of the

*other grounds by Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1175 (9th Cir. 1999).

At the latest, Sangyimphan's claims accrued on the alleged date of her firing, January 21, 2013. She initiated this action over four years later, on April 18, 2017 — well beyond any of the statutes of limitations governing her claims. As such, her claims are subject to dismissal, and it is not necessary to determine if her earlier litigation against defendants bars this action according to the doctrine of res judicata.

## V. CONCLUSION

Tsai and Draheim's motion to dismiss is granted, and Sangyimphan's complaint is dismissed. Provided she can do so in good faith, Sangyimphan may file an amended complaint in order to plead facts indicating this action is not barred by the relevant statutes of limitations. Any such amended complaint must be filed by Wednesday, August 23, 2017. If no amended complaint is filed, the case will be dismissed with prejudice without further notice.

**IT IS SO ORDERED**.

Dated: August 2, 2017

RICHARD SEEBORG
United States District Judge

---

occurrence of the alleged discrimination as a prerequisite to a civil suit." *Id.* (citing 42 U.S.C. §§ 12117; 2000e-5(b), (e)(1)).